1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FourWs, LLC, et al.,                                No. 2:21-cv-01273-KJM

12                          Appellants,                  ORDER

13          v.

14    Herbert Edward Miller,

15                          Debtor.

16

17          Appellants and creditors FourWs, LLC, Dan Walcott, Deryk Walcott, Julie Walcott and

18   Thomas Wilson (FourWs) appeal the bankruptcy court's decision to extend a bankruptcy stay as

19   to appellee and debtor Herbert Edward Miller.  *See* Appellant's Table of Contents to Excerpts of

20   Record ("Appellant's App.") at 479, Order (July 6, 2021), ECF No. 4-1.[1]  The matter is fully

21   briefed.  *See* Appellant's Br., ECF No. 4; Appellee's Br., ECF No. 6; Appellant's Reply Br., ECF

22   No. 7.  On June 17, 2022, the court heard arguments regarding the appeal.  Min. Order, ECF No.

23   16.  Val Loumber appeared for appellants and Judson Henry appeared for appellee and debtor.

24   *Id.*  For the reasons below, **the bankruptcy court's decision is affirmed**.

---

[1] All record cites are contained in Appellant's App.  Citations to page(s) in this document
refer to page numbers applied to the upper right of each page by the court's CM/ECF system.

1

1   **I.      BACKGROUND**

2          The facts in this case are undisputed.  In May 2019, Miller filed for Chapter 11

3   bankruptcy in this district.  Appellant's App. at 28, Mot. to Stay ¶ 3.  The court dismissed the case

4   just two months later, in part because Miller's attorney missed deadlines and did not adequately

5   counsel or represent him.  *Id.* ¶¶ 3–4.  Miller filed for Chapter 11 bankruptcy again on January 13,

6   2020, this time proceeding pro se after having received some uncompensated "background

7   assistance" from two attorneys.  *Id.* ¶ 5.  On January 16, 2020, Miller filed a motion to extend the

8   automatic stay, as provided by 11 U.S.C. § 362(c)(3)(B).  *See generally id.*  While the automatic

9   stay in a bankruptcy case typically lasts until the close of the case, *see* 11 U.S.C. § 362(a), it

10  expires after 30 days as to Chapter 11 debtors like Miller who had a pending case against them

11  dismissed in the preceding one-year period, *see id.*. § 362(c)(3)(A).[2]  Along with his motion to

12  extend the automatic stay, Miller filed a declaration indicating he had served notices of the

13  motion and a hearing on the motion to all known creditors and the Chapter 11 Trustee.

14  Appellant's App. at 31, Decl. of Service.  Due to a "non-recourse" clause in a promissory note

15  between FourWs and Miller, Miller "had no knowledge" that the FourWs parties were a possible

16  creditor, or that they should be included on his motions and notices.  *Id.* at 475, Civil Minutes

17  (July 1, 2021).  Thus, Miller did not serve the notice on FourWs.

18         The hearing took place two weeks later and no interested parties opposed the motion.  *Id.*

19  at 110–114, Civil Minutes (Jan. 30, 2020).  The bankruptcy court found Miller had filed the

20  motion in "good faith as to the creditors to be stayed," as required under § 362(c)(3)(B).  *Id.* at

---

[2] Subsection (c) of 11 U.S.C. § 362 provides, in relevant part:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case . . .

114; *see also* 11 U.S.C. § 362(c)(3)(B).[3]  Accordingly, the court granted the motion and extended

the automatic stay "for all purposes and parties, unless terminated by operation of law or further

order of this court." *Id.* at 116, Order (Feb. 11, 2020).

FourWs caught wind of the bankruptcy proceedings after the court extended the automatic

stay, but no later than April 17, 2020, when they filed a proof of claim based on a promissory

note. *Id.* at 475, Civil Minutes (July 1, 2021).  In June 2020, while the extended automatic stay

was still in effect, FourWs filed a lawsuit against Miller in state court. *Id.* at 474.  The next

month, the appointed United States Trustee filed a motion to dismiss Miller's Chapter 11 case and

issue a one-year bar against refiling, arguing Miller filed the case in bad faith. *Id.* at 284–285,

Mot. of U.S. Trustee to Dismiss.  The court granted the Trustee's motion in November 2020. *Id.*

at 406–407, Order Granting Mot. to Dismiss (Nov. 16, 2020).  The state court dismissed FourWs'

suit in November 2020. *Id.* at 474, Civil Minutes (July 1, 2021).

In June 2021, FourWs filed a motion to reopen the bankruptcy court case, for the limited

purpose of hearing and deciding their motion to confirm the automatic stay terminated as to them

on February 12, 2020, 30 days after Miller filed his bankruptcy case. *Id.* at 410–411, Mot. to

Reopen Case.  The bankruptcy court reopened the case but denied FourWs' motion. *Id.* at 470,

Civil Minutes (July 1, 2021); *id.* at 479, Order (July 6, 2021).  It is this last decision that FourWs

has appealed to this court. Not. of Appeal, ECF No. 1.

## II.   JURISDICTION AND STANDARDS OF REVIEW

This court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of

bankruptcy courts.  28 U.S.C. § 158(a)(1).  "[A] bankruptcy court order is considered to be final

---

[3] Subsection (c)(3) of 11 U.S.C. § 362 provides, in relevant part:

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed . . .

1  and thus appealable where it 1) resolves and seriously affects substantive rights and 2) finally

2  determines the discrete issue to which it is addressed." *In re Rosson*, 545 F.3d 764, 769 (9th Cir.

3  2008) (quoting *Bonham v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir.2000)).  In the

4  Ninth Circuit, "[o]rders granting or denying relief from the automatic stay are deemed to be final

5  orders." *In re Nat'l Env't Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997).

6      Because there are no factual disputes, the court reviews de novo the Bankruptcy Court's

7  determination on this purely legal question—whether it could extend the automatic stay under

8  11 U.S.C. § 362(c)(3)(B) "for all purposes and parties," even those parties or creditors who did

9  not receive notice of or a hearing on the motion to extend.  *In re Sunnyslope Hous. Ltd. P'ship*,

10  818 F.3d 937, 945 (9th Cir. 2016) (district courts review Bankruptcy Court findings of fact for

11  clear error and conclusions of law de novo).

12  **III.   GOVERNING LAW**

13      The bankruptcy code provides that filing a bankruptcy petition "operates as a stay,

14  applicable to all entities," of a number of acts to enforce creditors' rights against the debtor,

15  including "any act to collect, assess, or recover a claim against the debtor that arose before the

16  commencement of the [bankruptcy] case . . . ."  11 U.S.C. § 362(a)(6).  This stay is referred to as

17  the "automatic stay," which is also the title of § 362.  *See CitiMortgage, Inc. v. Corte Madera*

18  *Homeowners Ass'n*, 962 F.3d 1103, 1110 (9th Cir. 2020) ("The filing of a bankruptcy petition

19  automatically stays actions by all entities to collect or recover on claims against the debtor and

20  the property of the estate.") (internal quotations and citations omitted).  The automatic stay is

21  "effective against the world, regardless of notice."  *Morris v. Peralta (In re Peralta)*, 317 B.R.

22  381, 389 (B.A.P. 9th Cir. 2004).  Prior to the enactment of the Bankruptcy Abuse Prevention and

23  Consumer Protection Act of 2005 (BAPCPA), the automatic stay generally continued until the

24  case was closed or dismissed.  Today, however, where "a single or joint case of the debtor was

25  pending within the preceding 1–year period but was dismissed," the automatic stay "shall

26  terminate with respect to the debtor on the 30th day after the filing of the later case . . . ."

27  11 U.S.C. § 362(c)(3)(A).  "The history of section 362(c)(3)(A) indicates that Congress intended

28  it to deter second filings."  *In re Reswick*, 446 B.R. 362, 372 (B.A.P. 9th Cir. 2011).

"[O]n the motion of a party in interest for continuation of the automatic stay and upon notice and hearing," the court may extend the stay "as to any or all creditors (subject to such conditions or limitations as the court may then impose) . . . only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(B).  In bankruptcy cases, " 'after notice and a hearing' . . . means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ."  *Id.* § 102(1).

Section 362 also provides an avenue of relief from an automatic stay: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided . . . by terminating, annulling, modifying, or conditioning such stay . . . for cause . . . ."  11 U.S.C. § 362(d); *see also id.* § 362(f) (allowing court to grant relief from stay upon request of party in interest and without hearing if necessary to prevent "irreparable damage").

## IV.   ANALYSIS

FourWs argues they were not bound by the extended automatic stay because Miller did not serve them with a motion to extend.  Appellant's Br. at 11.  FourWs also argues the bankruptcy court deprived them of due process by binding them to the motion to extend order, even though they were not served with the motion to extend.  *Id.* at 14.  The question presented here is whether the bankruptcy court may extend the automatic stay under § 362(c)(3)(B) "for all purposes and parties," even those parties or creditors who did not receive notice of or a hearing on the motion to extend.  *See* 11 U.S.C. § 362(c)(3)(B).  For the reasons below, the court affirms the bankruptcy court's order finding an automatic stay extended under § 362(c)(3)(B) is as "effective against the world, regardless of notice," *In re Peralta*, 317 B.R. at 389, as the automatic stay triggered by the filing of a bankruptcy petitioner under § 362(a), *see generally* 11 U.S.C. § 362.  The court's conclusion is based on the text of 11 U.S.C. §§ 362 and 102(1).

First, § 362(c)(3)(B) allows the bankruptcy court to extend the automatic stay "as to any or all creditors" only if the movant demonstrates the filing of the later case "is in good faith as to the creditors to be stayed . . . ." 11 U.S.C. § 362(c)(3)(B).  Nothing in this section precludes a party in interest from moving for an automatic stay as to all known and unknown creditors, so

1   long as the court determines the filing of the second case is in good faith as to all known and

2   unknown creditors.  Likewise, nothing in the text precludes the bankruptcy court from

3   determining the automatic stay extends to all parties, even unknown creditors.  Here, Miller

4   moved to extend the stay because his counsel in the first case was ineffective.  Appellant's App.

5   at 28, Mot. to Stay ¶¶ 3–4.  In short, Miller effectively asked the court to treat his second case as

6   it would have his first case, when the automatic stay would have continued as to all parties,

7   regardless of notice, until the case was closed or dismissed.  It was well within the bankruptcy's

8   court discretion to find Miller filed the second case in good faith or not, and as to the creditors to

9   be stayed.

10          Second, in bankruptcy cases, the phrase "notice and a hearing," or "a similar phrase,"

11   means "after such notice as is appropriate in the particular circumstances, and such opportunity

12   for a hearing as is appropriate in the particular circumstances . . . ."  11 U.S.C. § 102(1).  A debtor

13   moving to extend the automatic stay under § 362(c)(3)(B) must serve notice and complete a

14   hearing within 30 days of filing the petition for bankruptcy.  *Id.* § 362(c)(3)(B).  Accordingly,

15   bankruptcy courts must also "act quickly" on such requests, making it all the more important for

16   them to have leeway in determining what notice or hearing is "appropriate" in any given case.  *In*

17   *re Smith*, 910 F.3d 576, 588 (1st Cir. 2018).  In this case, Miller gave two weeks' notice to

18   creditors of the hearing, filed proof of service within three days of filing his petition, and

19   appeared to be acting in good faith.  Appellant's App. at 31, Decl. of Service.  The bankruptcy

20   court reasonably concluded notice, and the subsequent hearing, were appropriate.  FourWs cite

21   two bankruptcy court cases supporting their argument that "only creditors served by a motion to

22   extend the stay are bound by the outcome of that motion."  Reply Br. at 10.  Both are

23   distinguishable on the facts and issue presented, and neither are binding on this court.

24          In *In re Bronson*, No. 09-46592, 2010 WL 9485976, at *1 (Bankr. E.D. Cal. Jan. 4, 2010),

25   the court wrote, "the debtor may ask the court to extend the automatic stay provided that all

26   creditors to be affected by the stay are given notice and a hearing is conducted."  However, the

27   *Bronson* court was not grappling with a debtor like Miller who served known creditors in a timely

28   manner and provided reasonable notice of a hearing; rather, the court was addressing a debtor

1    who never filed proof of service and only notified creditors by mail just a few days before the

2    scheduled hearing.  *Id.*  Accordingly, the court concluded it was "doubtful that any creditor would

3    have received the motion prior to the hearing."  *Id.*  Furthermore, the court did not engage in a

4    robust analysis of § 362(c)(3)(B) or § 102(1), so its pronouncement on the bankruptcy code's

5    notice and hearing requirements are dicta. *See generally id.*

6         In *In re Collins*, 334 B.R. 655, 656 (Bankr. D. Minn. 2005), the debtor moved to continue

7    the automatic stay under 11 U.S.C. § 362(c)(3)(B) but only served the motion on the interim

8    trustee of the estate, not the creditors.  The court first observed the "relevant provisions of the

9    post-[BAPCPA] Code [e.g., § 362(c)(3)] are clumsily drafted," and this court does not disagree.

10   *Id.* at 658.  "Nonetheless," the court continued, "a legislative intent unmistakably appears from

11   the structure and content of the [BAPCPA's] additions to § 362(c)."  *Id.*  The court found these

12   additions inure to the benefit of creditors, because § 362(c)(3) "freed" creditors in a successor

13   case by curtailing the automatic stay otherwise structured by §§ 362(a) and 362(c)(1)–(2).  *Id.*

14   Accordingly, "[i]f that benefit is to be taken away from such creditors by an act of a federal court,

15   they have the right to be notified of the request for such relief, and to know the particulars of the

16   request."  *Id.*  The *Collins* court recognized that § 102(1) permitted it to determine what notice

17   and hearing is "appropriate" and argued "the requirements of procedural due process should be

18   foremost" in that determination, though "considerations for the general according of equitable

19   relief in the federal courts are a close second."  *Id.* at 658–659.  Thus, because the debtor did not

20   even serve "creditors that the debtor would have subjected to the extended stay," the court denied

21   debtor's motion for an extension of the stay.  *Id.* at 659.  This court agrees with the outcome and

22   principles outlined in *Collins*, but also finds the bankruptcy court in this case gave adequate

23   attention to issues of procedural due process in determining notice was "appropriate in the

24   particular circumstances," where debtor timely notified all known creditors. 11 U.S.C. § 102(1).

25        Finally, the provisions of § 362 providing parties in interest an avenue to request relief

26   from an automatic stay ease any lingering concerns about procedural due process.  *See id.*

27   §§ 362(d) ("On request of a party in interest and after notice and a hearing, the court shall grant

28   relief from the stay provided . . . by terminating, annulling, modifying, or conditioning such stay

7

1  . . . for cause . . ..") and 362(f) (allowing court to grant relief from stay upon request of party in

2  interest and without hearing if necessary to prevent irreparable damage).  If FourWs had pursued

3  relief from the stay, nothing prevented them from advancing the identical arguments they may

4  have made at the January 30, 2020 hearing on Miller's motion to extend the stay.

5  **V.      CONCLUSION**

6      For the above reasons, the bankruptcy court's decision is **affirmed**.

7      This order resolves ECF No. 1.

8      IT IS SO ORDERED.

9  DATED:  January 30, 2023.

10

CHIEF UNITED STATES DISTRICT JUDGE